## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Charles T.,**
**Petitioner Below, Petitioner**

**vs)  No. 15-0300** (Mercer County 13-C-175-DS)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

January 11, 2016
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Charles T., by counsel Paul R. Cassell, appeals the Circuit Court of Mercer County's March 4, 2015, order denying his petition for writ of habeas corpus. Respondent David Ballard, Warden, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his habeas petition on the ground of newly discovered evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted during the October of 2003 term of the grand jury on twenty counts of sexual offenses involving his stepdaughter, T.H. The charged crimes included seven counts of first-degree sexual assault, ten counts of sexual abuse by a custodian, and three counts of third-degree sexual assault.

Following petitioner's trial in September of 2004, the jury returned a verdict of guilty on all counts, with the exception of count thirteen, which was dismissed by the circuit court during the trial. Petitioner was sentenced on December 6, 2004, to serve an indeterminate term of fifteen to thirty-five years for each count of first-degree sexual assault, ten to twenty years on each count of sexual abuse by a custodian, and one to five years for each count of third-degree sexual assault. The sentences on some of the counts were ordered to run concurrently with others; some were to run consecutively. In terms of actual service of time, petitioner must serve a sentence of twenty-six to sixty years in the penitentiary before he is eligible for parole. This Court denied petitioner's direct appeal on September 6, 2006.

Petitioner filed his first petition for a writ of habeas corpus on May 8, 2009, in which he raised the following grounds: (1) ineffective assistance of counsel; (2) denial of fair trial and due process of law; (3) complaints over the testimony from an expert witness; and (4) such other

1

grounds as may be assigned upon the hearing. After counsel was appointed, petitioner filed a second petition for a writ of habeas corpus on November 6, 2009. The grounds in that petition were (1) petitioner was denied his rights to a trial by jury and his right to due process of law by a state legal framework that permits conviction without proof of the act; (2) certain expert opinions did not pass muster pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 US 579 (1993); and (3) counsel for petitioner was ineffective. The circuit court held two omnibus hearings and ultimately denied petitioner's request for habeas relief. Petitioner thereafter appealed that denial. In June of 2012, this Court denied petitioner's appeal in the written decision of *State ex rel. Charles T. v. Ballard*, 229 W.Va. 263, 728 S.E.2d 147 (2012). Further, according to petitioner, his request for federal habeas corpus relief was denied in April of 2013.

Thereafter, in May of 2013, petitioner filed a pro se petition in the circuit court seeking habeas relief on the ground of newly discovered evidence. The circuit court appointed counsel for petitioner and thereafter held a hearing on February 14, 2014. During the hearing, the circuit court heard testimony from petitioner's daughter, A.T., and petitioner. According to A.T.'s testimony, after petitioner's prior omnibus hearing, she informed his counsel that petitioner's victim, T.H., made numerous sexual advances toward her during the time period of petitioner's crimes against T.H. Further, A.T. testified that an older male neighbor tried to touch her inappropriately, and that it was possible the victim, T.H., may have been to this male neighbor's home. On cross-examination, A.T. stated that she first told petitioner's mother about these events two years prior because she thought it would help petitioner. She further stated that she reported these facts to the State Police after telling petitioner's mother. Ultimately, the circuit court issued an order denying petitioner relief. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal to this Court, petitioner alleges that he was entitled to habeas relief because of newly discovered evidence in the form of his daughter's testimony regarding his victim's alleged sexual conduct toward her and the fact that the adult neighbor may have had an opportunity to sexually abuse the victim. The Court, however, does not agree.

Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on this alleged error, which was also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error

raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignment of error raised herein and direct the Clerk to attach a copy of the circuit court's March 4, 2015, "Order Denying The Petitioner's Petition For Writ Of Habeas Corpus Ad Subjiciendum And Removing It From The Court's Active Docket" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 11, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

NOTED CIVIL DOCKET

MAR 04 2015

JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

**IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA.**

STATE OF WEST VIRGINIA, *ex rel,*
CHARLES T.                    ,                           PETITIONER,

v.                    **Civil Action No. 13-C-175-DS**

DAVID BALLARD, Warden
MT. OLIVE CORRECTIONAL COMPLEX,                    RESPONDENT.

---

## ORDER DENYING THE PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM AND REMOVING IT FROM THE COURT'S ACTIVE DOCKET

On February 14, 2014, this matter came before the Court, the Honorable Derek C. Swope presiding, for a hearing on the Petitioner's Petition for Writ of Habeas Corpus Relief, brought pursuant to the provisions of Chapter 53, Article 4A of the West Virginia Code, as amended, which was filed by the Petitioner, *pro se* and also by and through his court-appointed counsel, Paul R. Cassell, Esq. The Petitioner filed a *pro* se Petition for a Writ of Habeas Corpus on May 8, 2013. The Petitioner and his counsel appeared on February 14, 2014, for a hearing on the limited issue of newly discovered evidence.

Janet Williamson, Esq., Assistant Prosecuting Attorney, appeared on behalf of the State of West Virginia. Thereafter, the Petitioner filed his Memorandum in Support of Amended Petition for Writ of Habeas Corpus on September 25, 2014.

The Petitioner is seeking post-conviction habeas corpus relief from his December 6, 2004 sentence to an effective indeterminate term in the penitentiary of 26 to 60 years, on his convictions of six (6) counts of Sexual Assault in the First Degree, ten (10) counts of Sexual Abuse by a Custodian, and three (3) counts of Sexual Assault in the Third Degree, returned by a

1

jury at a trial which concluded on September 30, 2004, absent a showing that he is being unlawfully detained due to the existence of newly discovered evidence which would be of sufficient quality to warrant a new trial.

Whereupon, the Court, having reviewed and considered the Petition, the court files, the transcripts, the arguments of counsel and the pertinent legal authority, does hereby **DENY** the Petitioner's Petition for Writ of Habeas Corpus Relief.

In support of the aforementioned ruling, the Court makes the following General Findings of Fact and Conclusions of Law:

## I.  FACTUAL/PROCEDURAL HISTORY

**A.  Case No. 03-F-302**

**1. The Indictment**

By a True Bill returned on October 16, 2003, by the Mercer County Grand Jury, the Petitioner, Charles W. T          , was indicted on seven (7) counts of Sexual Assault in the First Degree; ten (10) counts of Sexual Abuse by a Custodian, and three (3) counts of Sexual Assault in the Third Degree .

**2.  The Trial**

After lengthy pre-trial proceedings, the Petitioner was tried and convicted by a jury on September 30, 2004, of six (6) counts of Sexual Assault in the First Degree; ten (10) counts of Sexual Abuse by a Custodian, and three (3) counts of Sexual Assault in the Third Degree.  He was sentenced as aforesaid, on December 6, 2004, to an effective indeterminate term in the penitentiary of 26 to 60 years.

### 3. The Appeal

On January 17, 2006, the Petitioner filed his Petition for Appeal with the West Virginia Supreme Court of Appeals. The Petitioner for Appeal was refused on September 6, 2006.[1]

**B.** **Case Number 09-C-214-DS**

As mentioned in the Petitioner's Memorandum in Support of Amended Petition for Habeas Corpus, the Petitioner filed the above-referenced Petition for Writ of Habeas Corpus on May 8, 2009. This matter was fully litigated, to include the conduct of a complete and thorough omnibus habeas corpus hearing. The Petitioner was represented by Natalie Hager, Esq. The Petition was denied in an Order entered on February 9, 2011. That decision was appealed to the West Virginia Supreme Court of Appeals, which affirmed the same in *State ex. Rel. T.      v. Ballard,* 229. W.Va. 263, 728 S.E.2d 147.

**C.** **Federal Habeas Corpus Relief**

According to the Petitioner's *pro se* Petition, his request for Federal Habeas Corpus relief was denied on April 30, 2013.

---

[1] The Petitioner was resentenced on November 14, 2005, to allow him to perfect his direct appeal.

## II. THE PETITIONER'S *PRO SE* PETITION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM UNDER W. VA. CODE §53-4A-1/MEMORANDUM/ HEARING

### A.     The Petition

On May 8, 2013, the Petitioner filed his *pro se* Petition for Writ of Habeas Corpus in the Circuit Court of Mercer County. As he previously had an omnibus habeas corpus proceeding, the sole ground asserted in this pleading was "newly found evidence"; specifically, that "a witness stepped forward to say that a neighbor who babysat the alleged victom (sic) sexually (sic) her and maybe sexually (sic) the victom (sic)."

The Court appointed Paul Cassell, Esq. to represent the Petitioner in this proceeding.

### B.     Answer

The State failed to file an answer.

### C.     The Hearing

After several postponements, a hearing on the Petition was held on February 14, 2014. Two witnesses testified; the Petitioner's 19 year old daughter, and the Petitioner.

The Petitioner's daughter, Amanda        T.        , testified that after the Petitioner's omnibus habeas corpus hearing, she approached his then-attorney to inform her that the victim made numerous sexual advances towards her during the time period that the Petitioner was allegedly involved with the victim. She also stated that an older male neighbor had tried to touch her inappropriately, and that it as possible the victim may have been to his home. She also testified that the victim had her "hump a pillow" in their trailer.

4

On cross-examination, she stated that she had first told her Grandmother (the Petitioner's mother) about these events two years before this hearing, because she thought it would help her Dad.

The Petitioner testified that he first learned about this information after his omnibus habeas corpus hearing. He testified that he knew that the victim had been around his adult neighbor, but there were no allegations that the neighbor was doing anything until now.[2]

The Petitioner's daughter was recalled to testify that she reported these facts to the State Police right after she told her Grandmother about them.

## III.  DISCUSSION

### A.  Relief Available to the Petitioner at this stage.

Because the Petitioner had a prior omnibus habeas corpus proceeding, the only issues he may raise are:

1.  Ineffective assistance of counsel at the omnibus habeas corpus hearing ( *See Losh v. McKenzie*, 166 W.Va. 762, 768, 277 S.E.2d 606, 611 (W.VA. 1981));

2.  Newly discovered evidence (*See Id.*);

3.  A change in the law, favorable to the applicant, which may be applied retroactively (*See Id.*); and

4.  The "other than Fred Zain" scientific testimony exception (*See In the Matter of: Renewed Investigation of State Police Crime Laboratory, Serology Division*, 219 W.Va. 408 (2006), 633 S.E.2d 762).

---

[2] The adult neighbor is dead.

5

In the case at bar, the Petitioner, by counsel, claims that there is newly discovered evidence.

**B.** **Does Newly Discovered Evidence exist sufficient to grant the Petitioner a new trial?**

1. The Petitioner's Argument

Argument – Petitioner Is Entitled To A New Trial Because Of Substantial New Evidence.

According to the West Virginia Supreme Court of Appeals, a new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rule: (1) the evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side. *Syl. State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979). Evidence that impeaches a crucial or key witness may be sufficient to warrant a new trial provided rules 1-4 met. *State v. Stewart*, 161 W.Va. 127, 136, 239 S.E.2d 777, 783 (1977).

6

In this case, each of the rules are met and petitioner should be granted a new trial:

**(1)   The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained.**

The evidence was discovered after the trial and after the previous *habeas* case pursuant to the undisputed testimony of the witness. (Ex. A at 5-6).

**(2)   It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict.**

There is sufficient evidence of the diligence of trial counsel in that trial counsel's representation was found by both this court and the West Virginia Supreme Court of Appeals to be effective. *See Order,* February 9, 2011 at pp. 41-46; *State ex rel T v. Ballard,* 229 W.Va. 263, 728 S.E.2d 147 (2012). Further, as the new witness was a minor at the time of the trial and her father's incarceration (13 years old, Ex. A at 15), and because victims of child sexual abuse often do not tell, the evidence was not available and would not have been available to even a diligent trial attorney.

**(3)   Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point.**

There was no evidence offered at the trial concerning the possible sexual abuse of the alleged victim by Sherman Horton. That evidence offers an explanation of the child's testimony that would explain her knowledge of sexual acts without implicating the petitioner.

7

**(4)     The evidence must be such as ought to produce an opposite result at a second trial on the merits.**

Here, the fact that the child victim was possibly abused by someone else and was herself a child abuser, provides tremendous validation to petitioner's claims of innocence and substantially undermines the key witness for the state by demonstrating an ulterior motive for her testimony if she was afraid of the possible repercussions of her acts and chose to lie proactively to undermine any accusations made against her. Alternatively, the trauma from the possible abuse could have led her to lie, to affirm her mother's desires to undermine Mr. T̄        (the parties were in a nasty separation/divorce), or to be otherwise untrustworthy given that she disclosed the alleged abuse by petitioner, but did not disclose being abuse by Mr. Horton or her own abusive acts. *See, Chronological Timeline of Petitioner's Cases that Pertain to his Petition for Writ of Habeas Corpus,* filed November 4, 2010 attached hereto as Ex. B at pp. 1-3.

**(5)     And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side.**

In this case, the evidence impeaches the prosecution's key witness such that this rule is not dispositive pursuant to *State v. Stewart*, 161 W.Va. 127, 136, 239 S.E.2d 777, 783 (1977). However, even if this Court does not accept that argument, the evidence does far more than impeach a witness, it offers another potential perpetrator coupled with a possible motive for the State's key witness to lie.

8

## C. Findings of Fact and Conclusions of Law

1.  The Court **FINDS** that the Petitioner's daughter testified that the victim allegedly attempted to engage in sexual contact with her

2.  The Court **FINDS** that at the time this allegedly occurred the victim was about 11 or 12 and the witness was about 8 or 9. (*See* Transcript of hearing of February 14, 2014, at p. 13).

3.  The Court **FINDS** that the Petitioner's daughter testified that her adult neighbor tried to touch her, but presented no evidence that he tried to touch the victim.

4.  The Court **FINDS** that the West Virginia Supreme Court of Appeals has held that:

    > [a] new trial will not be granted on the ground of newly discovered evidence unless these cases come within the following rules: (1) The evidence must appear to have been discovered since the trial, and from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side." Syllabus *State v. Frazier*, 162 W.Va. 635, 253 S.E.2d 534 (1979), quoting Syl. Pt. 1, *Halstead v. Horton*, 38 W.Va. 727, 18 S.E. 953 (1894).

5. The Court **FINDS** that the West Virginia Supreme Court of Appeals has also held that:

> [t]he five-factor test set out in *State v. Frazier*, does not automatically mean that impeachment evidence can never justify a new trial on the basis of newly discovered evidence. Instead, the focus of the Court's analysis should be the fourth factor. *See State v. Stewart*, 161 W.Va. 127, 239 S.E.2d 777 (1977). The Supreme Court also stated that in most cases where impeachment evidence constitutes sufficient grounds for a new trial based on newly discovered evidence, the witness whose testimony is impeached by the newly-discovered impeachment evidence is the principle or sole witness for the State without whose testimony there would be no conviction. *See Stewart.*

6. The Court **FINDS**, as to the first factor, that in the light most favorable to the Petitioner, the evidence was discovered after the trial.

7. The Court cannot find the second factor has been met, as clearly this evidence was discoverable.

8. The Court **FINDS** that this evidence is not material in that

    (a) evidence of the victim's alleged misconduct with the victim, even if true, will be barred by the rape-shield statute.[3]

    (b) There is no evidence that the victim was ever touched by the adult neighbor.

---

[3] *See* West Virginia Rule of Evidence 412, and W.Va. Code §61-8B-11.

10

9. The Court **FINDS** that this evidence, even if it existed and/or was admissible, would not produce an opposite result at a second trial on the merits.

10. The Court finds that this evidence would, at best, go solely to impeachment, and that it does not rise to the level contemplated by *Frazier* or *Stewart.*

11. The Court **FINDS** and concludes that in this action, even if the victim is the only direct witness for the State on the issue of whether these incidents occurred, the principle enunciated in *State v. Stewart* does not apply; this testimony, even if it existed and/or was admissible, would not lead to an opposite result on the merits.

12. The Court **FINDS** and concludes that the Petitioner's argument that newly discovered evidence exists sufficient to grant the Defendant a New Trial is without merit.

## IV.  RULING

Wherefore, for the reasons set forth in the foregoing opinion order, the Court hereby orders and adjudges as follows:

1. That the Petition for Writ of Habeas Corpus *ad Subjiciendum* is hereby denied and this action is removed from the docket of this Court.

2. The Court appoints Paul R. Cassell, Esq. to represent the Petitioner should he choose to appeal this ruling.

11

3. This is the final order. The Circuit Clerk is directed to distribute a certified copy of this Order to Paul R. Cassell, Esq., at his address of 340 West Monroe Street, Wytheville, Virginia, 24382; to Scott A. Ash, Esq., Prosecuting Attorney of Mercer County, West Virginia, at his address of 120 Scott Street, Suite 200, Princeton, West Virginia, 24740; and to the Petitioner, Charles    T         , c/o Mt. Olive Correctional Complex, #1 Mountain Side Way, Mt. Olive, West Virginia, 25185.

Entered this the 4th day of March, 2015.

**DEREK C. SWOPE, JUDGE**

THE FOREGOING IS A TRUE COPY OF A DOCUMENT ENTERED IN THIS OFFICE ON THE _____ DAY OF _____ 20____

DATED THIS _____ DAY OF March 20 15

JULIE BALL; CLERK OF THE CIRCUIT COURT OF MERCER COUNTY WV

BY _____
HER DEPUTY

12